UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HERBERT BENTON JONES,<br><br>    Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendants.<br>_____/ | CASE NO. 1:14-cv-1193 - LJO-BAM<br><br>**FINDINGS AND RECOMMENDATIONS DENYING APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES OR COSTS**<br>(Doc. 2)<br><br>**ORDER REQUIRING SUBMISSION OF FILING FEE NO LATER THAN NOVEMBER 10, 2014**<br><br>**ORDER DIRECTING PLAINTIFF TO RETURN CONSENT FORMS** |

### INTRODUCTION

Plaintiff Herbert Jones ("Plaintiff"), is proceeding *pro se* in this civil action, having filed a complaint on July 25, 2014. (Doc. 1). That same date, he submitted an application to proceed in forma pauperis pursuant to Title 28 of the United States Code section 1915. (Doc. 2).

### LEGAL STANDARD

Section 1915(a) allows a court to authorize a lawsuit's commencement without payment of the filing fee if the plaintiff submits an affidavit demonstrating his or her inability to pay the filing fee. Such affidavit must include a complete statement of the plaintiff's assets. However, an IFP action is subject to dismissal if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages against a defendant who is immune from liability for such damages. 28 U.S.C. § 1915(e)(2). When a plaintiff moves to proceed IFP, the court first "grants or denies IFP status based on the plaintiff's financial resources alone and

then independently determines whether to dismiss the complaint" pursuant to § 1915(e)(2). *Franklin v. Murphy*, 745 F.2d 1221, 1226 n.5 (9th Cir. 1984).

"To proceed in forma pauperis is a privilege not a right." *Smart v. Heinze*, 347 F.2d 114, 116 (9th Cir. 1965). A party need not be completely destitute to proceed in forma pauperis. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339-40 (1948). But "the same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense, either frivolous claims or the remonstrance of a suitor who is financially able, in whole or in material part, to pull his own oar." *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984).

## ANALYSIS

The information set forth in Plaintiff's IFP application does not demonstrate his inability to pay. Plaintiff submitted an application indicating that he is retired, has a checking account with a balance of $175.00 dollars and that he owns a 1991 Volvo. Plaintiff also receives a monthly pension of $2,647 and his expenses for his housing and rent total $887.00 per month. (Doc. 2 at 2). Plaintiff has no dependents and no other debts or obligations. Although Plaintiff does not work, he receives a $2,647.00 monthly pension. This calculates to an annual income of over $31,764.00.

While Plaintiff need not demonstrate that he is completely destitute, he must show that, because of his poverty, he cannot pay the filing fee and still provide his dependents with the necessities of life. *See Adkins*, 335 U.S. at 339-40. A "showing of something more than mere hardship must be made.'" *Nastrom v. New Century Mortg. Corp.*, Civ. No. 11-1998, 2011 U.S. Dist. LEXIS 140565, 2011 WL 7031499, at *1 (E.D. Cal. Dec. 7, 2011), *report and recommendation adopted by,* 2012 U.S. Dist. LEXIS 3979, 2012 WL 116563 (E.D. Cal. Jan. 12, 2012). Plaintiff's monthly income does not support Plaintiff's contention that he is unable to pay the costs of this litigation without foregoing the necessities of life. 28 U.S.C. § 1915(a)(1); *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (per curiam). Therefore, this Court finds Plaintiff is not entitled to proceed without prepayment of the $400.00 filing fee. Accordingly, Plaintiff's application should be DENIED WITHOUT PREJUDICE.

Additionally, Plaintiff is further advised that upon amendment of his IFP application or prepayment of the filing fee, the Court is required to screen complaints of pro se litigants pursuant to

Title 28 of the United States Code section 1915A(a).  The Court must dismiss a complaint or portion thereof if the litigant has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant(s) who is immune from such relief.  28 U.S.C. § 1915A(b)(1)&(2).

In his Complaint, Plaintiff appears to challenge a denial of his application for disability/social security benefits.  This Court only has jurisdiction to review a denial of disability/social security benefits under certain circumstances.  Specifically, Plaintiff is advised that an individual must exhaust administrative remedies in order to challenge the denial of these benefits.  This means that once a denial of benefits is received, a claimant must file for reconsideration of that decision with the Social Security Administration. 20 C.F.R. § 904.909.  If an adverse decision is rendered, an individual may request that an administrative law judge ("ALJ") hold a hearing.  20 C.F.R. § 404.929.  If the ALJ issues an adverse decision, an appeal may be filed with the Appeals Council.  Any appeal to the Appeals Council must be filed within sixty days of the ALJ's decision. 20 C.F. R. § 404.968.  Once the Appeals Council issues its decision, a Claimant can file a complaint in the United States District Court, but this complaint must be filed within sixty days of the Appeals Council's order.  42 U.S.C. § 405(g).  In other words, in order to seek judicial review of a denial of Social Security benefits and/or disability benefits, an individual must have followed the appeals process outlined above including filing a complaint in the United States District Court within sixty days of receiving an adverse determination from the Appeals Council.

From the complaint filed, it is unclear whether Plaintiff ever sought reconsideration of the denial of his application, whether he appeared before an ALJ, or whether he filed an appeal with the Appeals Council.  Plaintiff may wish to consider whether he has completed all of the above in a timely fashion prior to submitting the filing fee.   If he has not done so, it is likely that this Court will not have jurisdiction to hear his case and the complaint may be dismissed on that basis.

Finally, the Clerk of the Court is directed to mail a "Consent to Magistrate Jurisdiction Form" to Plaintiff.  Plaintiff shall complete the form and advise the Court whether or not he will consent to Magistrate Judge jurisdiction no later than November 10, 2014.

**CONCLUSION AND RECOMMENDATION**

For the foregoing reasons, the Court **HEREBY RECOMMENDS** that Plaintiff's Application to Proceed Without Prepayment of Fees Should be **DENIED WITHOUT PREJUDICE**. As a result, Plaintiff shall pay the filing fee of $400.00 no later than November 10, 2014, in order to proceed with this action. Failure to comply with this Order will result in the dismissal of this action.

These findings and recommendations are submitted to the United States District Judge, pursuant to the provisions of Title 28 of the United States Code section 636(b)(l). Within fifteen (15) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **October 7, 2014**             /s/ *Barbara A. McAuliffe*
                                       UNITED STATES MAGISTRATE JUDGE